UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br>    vs.<br><br>GARY S. GERLAY,<br><br>                Defendant. | 3:09-cr-085-JWS-JDR<br><br>**ORDER<br>REGARDING<br>MOTION TO STRIKE<br>SURPLUSAGE**<br><br>(Docket No. 37) |

       Defendant **Gary Gerlay** seeks an order striking surplusage from the indictment. Docket 38. The motion is opposed in part by the government. Docket 55. For the reasons discussed below, the motion is granted in part and denied in part.

### Standard

       Rule 7(d) of the Federal Rules of Criminal Procedure permits the court upon the defendant's motion to strike surplusage from an indictment. The presence

of surplusage in the indictment is not fatal to its validity. Language that describes elements beyond what is required under the statute is surplusage and need not be proved at trial. Bargas v. Burns, 179 F3d 1207, 1216, n.6 (9th Cir. 1999), cert denied, 120 S. Ct. 1686). See also United States v. Wells, 127 F.3d 739, 743 (8th Cir. 1997) (when an indictment includes all of the essential elements of an offense, but also treats other superfluous matters, superfluous allegations may be disregarded and the indictment is proper). The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges. United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988). Such a motion is addressed to the discretion of the court. United States v. Hedgepeth, 434 F.3d 609, 611 (3rd Cir. 1006), cert. denied, 126 S. Ct. 2044.

It is not proper to strike from the indictment words describing what is legally essential to the charge. A motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. Use of words to convey the means by which a criminal scheme is carried out need not be stricken as surplusage when they are not unfairly prejudicial. If language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant. United States v. Climatemp, Inc., 482 F. Supp. 376 (N.D. Ill. 1979).

## Discussion

A 95-count indictment charges Gerlay in Counts 1 through 64 with unlawful distribution and dispensing of a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D), and (b)(2). Counts 65 through 97 charge healthcare fraud in violation of 18 U.S.C. § 1347(1). The defendant's requests are considered in turn below.

I. The defendant argues that paragraph 3 of the indictment should be stricken. That paragraph is contained within the introductory allegations describing Dr. Gerlay's background. Paragraph 3 alleges as follows:

> In February 1985, defendant Gary S. Gerlay admitted, by Stipulation filed with the New Mexico Board of Medical Examiners, that he improperly wrote and misused prescriptions for controlled substances, for which defendant Gary S. Gerlay was disciplined by the New Mexico Board of Medical Examiners.

In order to prove unlawful distribution and dispensing of a controlled substance as charged in Counts 1 - 64, the government would have to prove that "Gary S. Gerlay knowingly and intentionally[,] not for a legitimate medical purpose, and knowingly and intentionally outside the usual course of professional medical practice, did knowingly and intentionally distribute and dispense, and cause to be

distributed and dispensed . . . controlled substances by prescription" to a person named in the indictment on or about the date set forth in the indictment. Proof of the admission and state sanctioning referenced in paragraph 3 of the indictment is not necessary to state a violation of 21 U.S.C. § 841(a) or health care fraud under 18 U.S.C. § 1347(1). The likelihood of unfair prejudice or confusion to the jury by paragraph 3 is great enough to grant the motion to strike paragraph 3. What Dr. Gerlay admitted and for what reasons and the actions of the Board of Medical Examiners present evidentiary issues trial.

Striking this language from the indictment does not preclude the government from seeking to offer Rule 404(b) evidence of other crimes or wrongs if necessary to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." The motion to strike Gerlay's admission of prescription abuse and the Board of Medical Examiners disciplinary action shall be stricken.

II. Gerlay seeks to have stricken the following underlined language contained in paragraph 6 of the indictment:

> Defendant Gary S. Gerlay operated APM until on or about
> April 21, 2005, when, following an investigation, his Alaska
> medical license was <u>summarily</u> suspended by the Alaska
> State Medical Board, <u>which found that his continued</u>

<u>practice posed a "clear and immediate danger to the public health and safety</u>."

This language appears under the topic Introduction/Dr. Gerlay's Background on page 2 of the Indictment.

Gary Gerlay argues that the allegation contained in paragraph 6 describes the result of a civil licensing procedure for which the finding need be sustainable only by "substantial evidence." The use of the civil finding of the State Medical Board is unnecessary to prove the related charges in the indictment and appears more prejudicial to the defendant than relevant and beneficial to understanding the charges. The underlined language shall be stricken.

III.  The defendant seeks to have stricken the first sentence in paragraph 30 as well as the first two words of the second sentence of that paragraph (as underlined). That paragraph which provides general allegations for health care fraud at the Aurora Pain Management Clinic alleges:

> <u>Defendant Gary S. Gerlay was not an enrolled physician under the Alaska medical program; nor was he required to be. Even so</u>, controlled substance prescriptions issued by defendant Gary S. Gerlay to eligible Alaska Medicaid recipients could be, and in fact were, billed and dispensed by pharmacies and paid for by Alaska Medicaid.

The defendant argues that the language at issue in this allegation should be stricken from the indictment as surplusage. Gerlay argues that the suspect language is irrelevant and fails to track the language of the penal statutes cited in the indictment. The indictment alleges a scheme to defraud Medicaid so it would reimburse pharmacies for filling Dr. Gerlay's prescriptions and allow Gerlay's "customers" to receive drugs for which they were not entitled. *See* also paragraphs 27 - 33 of the Indictment setting forth general allegations of the alleged health care fraud. The challenged statements about Medicaid are relevant to the alleged scheme and are not surplusage. *See* United States v. Terrigno, 838 F.2d 371, 373 (9th Cir 1988).

    IV.    The defendant seeks to have stricken the word "unlicensed" in the second sentence in paragraph 31 of the indictment. There, it alleges in essence that the PA (prior authorization) was usually obtained by the defendant doctor's "unlicensed office staff." The government has not shown good reason why the fact of the office staff being unlicensed is necessary to the allegations contained in paragraph 31. I agree with the defendant that the use of the term "unlicensed" with respect to office staff suggests that such office staff must be licensed. Therefore, it shall be stricken.

The last sentence in paragraph 31 of the indictment alleges that defendant Gary S. Gerlay's office staff would relate a patient's "purported symptoms,

diagnosis, treatment plan, and other supposed 'healthcare' information, to secure and justify the PA [prior authorization]." The defendant moves to strike the words "purported" and "supposed" as unnecessarily inflammatory. These terms suggest that a patient's symptoms, diagnosis, and treatment plan was false. The indictment alleges that the office staff related false healthcare information to justify the prior authorization for a controlled substance. This allegation asserts that Dr. Gerlay utilized his office staff to obtain from pharmacies drugs that were not medically necessary. These allegations are essential and relevant to the scheme alleged. They are not unduly inflammatory, and need not be stricken.

V. Paragraph 48 of the indictment alleges that it was part of the scheme that the defendant Gary S. Gerlay did not enroll as a Medicaid provider. There is no requirement that physicians enroll with Medicaid, and the indictment states as much in paragraph 30. The defendant seeks to have stricken as inflammatory and irrelevant. The statement that he did not enroll as a medical provider.

The indictment charges health care fraud and sets forth the following: a scheme to defraud Alaska Medicaid (paragraphs 44 and 45 of the indictment), the alleged purposes of the scheme to fraudulently cause Alaska Medicaid to pay for drugs (paragraph 46) and the alleged manner and means of such scheme (paragraphs 47 -52). The reference to Dr. Gerlay not being a medicaid provider is

relevant to the particularized scheme to utilize medicaid in a manner that constituted health care fraud. A motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charges(s) and are inflammatory and prejudicial. The challenged language does not generate strong feelings of anger, indignation, or passion likely to outweigh its probative value. Hence, it is not inflammatory. Nor is it unfairly prejudicial to the defendant. The statement in paragraph 48 need not be stricken.

      VI.    The defendant seeks to have stricken from paragraph 53 of the indictment the words "on already indigent people." The financial or social status of the patients involved in the alleged illegal practice of distributing controlled substances is irrelevant to the charges in the indictment. The motion to strike these words as unduly prejudicial shall be granted.

      VII.   The government does not object to deletion of the alias "Szeles" from the indictment. This request should be granted. *See* U.S. v. Taylor, 554 F.2d 200 (5th Cir. 1977) and United States v. Alfonso, 552 F.2d 605 (5th Cir. 1977), cert. denied, 98 S. Ct. 179. United States v. Caesar, 368 F. Supp. 328 (E.D. WS. 1973), aff'd 519 F.2d 1405 (7th Cir. 1975).

      The government does object to striking "d/b/a Aurora Pain Management" (APM) from the indictment. This language is not irrelevant because the government intends to offer evidence that names of the claims appear on the

underlying prescriptions, and that Aurora Pain Management is the name of the employer of key witnesses. Information that is prejudicial yet relevant to the indictment may be included. United States v. Hedgepeth, 434 F.3d 609, 612-613 (3rd Cir. 2006), cert. denied 126 S. Ct. 2055. The indictment identifies the clinic as Aurora Pain Management on Lake Otis Parkway and the place from which the controlled substances were allegedly dispensed. The motion to strike "d/b/a Aurora Pain Management" is denied.

## Conclusion

The Motion to Strike is granted as to paragraph 3, portions of paragraph 6 characterizing the suspension of Dr. Gerlay's Alaska medical license, the word "unlicensed" in paragraph 31, the phrase "on already indigent people" in paragraph 53, and the alias "Szeles". In all other respects, the Motion to Strike is denied. IT IS SO ORDERED.

DATED this 17th day of November, 2009, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

09-cr-085-JWS-JDR GERLAY @37 Order Re Mtn to Strike Surplusage_mtd.wpd                9

Case 3:09-cr-00085-JWS   Document 62   Filed 11/17/09   Page 9 of 9