UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　vs.<br><br>GARY S. GERLAY,<br><br>　　　　　Defendant. | 3:09-cr-085-JWS-JDR<br><br>**<u>FINAL<br>RECOMMENDATION<br>REGARDING<br>MOTION TO DISMISS<br>[Counts 6 - 9]</u>**<br><br>(Docket No. 33) |

　　　　Defendant, **Gary Gerlay**, has timely filed objections to the initial recommendation regarding his motion to dismiss Counts 6 through 9. Docket 109. No additional arguments are presented. The government did not file a reply. Upon due consideration of the objections, the magistrate judge declines to modify the recommendation. A few comments regarding the pertinent case law follows.

　　　　Dr. Gerlay argues that this court is constitutionally required to dismiss those counts of the indictment alleging that he unlawfully issued prescriptions to

patient "David K"[1] because of alleged prejudice due to pre-indictment delay between the completion of the acts charged and the return of the indictment by the federal grand jury in May 2008. David K died about twenty-two (22) months after the government began its investigation. The defendant claims that he would be forced to go to trial without access to the testimony of David K who could testify from personal experience that he needed the medications for the treatment of chronic pain "and that Dr. Gerlay helped him cope." Defendant's Supplemental Memorandum, Docket 97, p.5.

In <u>United States v. Marion</u>, 404 U.S. 307, 92 S. Ct. 455 (1971) the Supreme Court recognized that statutes of limitation do not fully address a defendant's right with respect to events that occur prior to an indictment. The Supreme Court stated: ". . . The Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." 404 U.S. at 324. In <u>Marion</u> the Supreme Court found no violations of the Due Process Clause where the actual prejudice to the conduct of the defense had not been proved and there was no showing that the government intentionally

---

[1] December 13, 2004 (Count 6; January 10, 2005 (Count 7); February 7, 2005 (Count 8); and March 7, 2005 (Count 9).

delayed to gain some tactical advantage over a defendant. *Id.* at 325. The <u>Marion</u> court distinguished between the "real possibility of prejudice inherent in any extended delay" and actual prejudice. *Id.* at 322-326. The former was held to be adequately covered by the relevant statutes of limitation, whereas the latter is protected by the Due Process Clause. <u>United States v. Mays</u>, 549 F.2d 670, 676 (9th Cir. 1977).

In <u>Mays</u> the Ninth Circuit Court of Appeals discussed the <u>Marion</u> opinion and adopted an approach favoring the balancing of factors in individual cases rather than an absolute rule requiring both actual prejudice and improper intentional delay or the rule that actual prejudice due to pre-indictment delay is enough. 549 F.2d at 677. The Ninth Circuit instructed that an examination must be made by the trial court as to the length of the delay, its reasonableness and the actual prejudice to the defendant. *Id.* at 677-678. <u>Mays</u> held that the trial court erred in concluding that the defendants had adequately shown actual prejudice from the delay by merely showing that some witnesses had died and that other witnesses' memories had dimmed without showing what the testimony of such witnesses would have been.

The length of time between the commission of the last overt act alleged in the <u>Mays</u> indictments and the return of the indictment was approximately 4 and one half years. The <u>Mays</u> court rejected the trial court's conclusion that the pre-indictment delay by the government was intentional. At most, the appellate court

concluded, the government's failure to prosecute was only negligent. To establish actual prejudice the defendant must show what evidence was lost due to the delay and the way that evidence would have helped in the defense at trial. As part of the balancing considerations the court may consider other evidence available to the defense. The court need not consider in a vacuum what evidence has been lost due to the pre-indictment.

Records produced by Dr. Gerlay as exhibits to his motion to dismiss disclose that David K consistently complained of pain and that the pain was lessened by the medication. Such records are not determinative of whether David K was indeed a drug addict. In this regard there is no indication in the records of how David K would testify in that regard if he were available to be called as a witness.

Even if Dr. Gerlay's exhibits were to meet the standard of definite and non speculative proof of prejudice, that alone is not sufficient to conclude that a trial on Count 6 through 9 would deny him due process. The government enjoys significant leeway in their decision as to the timing of an arrest and indictment. 549 F.2d at 678. Of course, an intentional delay by the government for an improper purpose is not to be sanctioned. *Id.* No showing of intentional delay in seeking the indictment after the demise of David K has been shown. Negligent conduct, if such occurred, is weighed less heavily than deliberate delays. *Id.*

The government was not required to conclude its investigative efforts in seeking an indictment merely upon the demise of David K. Nor was the government constitutionally required to put Dr. Gerlay on notice that he was under investigation and David K might be one of the patients named as a subject of the indictment.

At this pretrial stage the defendant has not demonstrated by definite and not speculative proof how the loss of the opportunity to call David K as a witness is prejudicial to him or that David K would have provided exculpatory information otherwise not available to the defendant. "An assertion that a missing witness might have been useful does not show the 'actual prejudice' required by Marion." United States v. Galardi, 476 F.2d 1072, 1075 (9th Cir.), cert denied, 414 U.S. 839 (1973), quoted in Mays, 549 F.2d 677. **Therefore, the objections lack merit and the motion to dismiss should be denied.**

This matter shall now be forwarded to the assigned district judge for his determination.

DATED this 11th day of May, 2010, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge